## No. 3070.

### SAMUEL SNODGRASS *v.* THOMAS A. ADAMS.

Whether Hatch, the United States collector of customs at the port of New Orleans, continued after secession to act in the same capacity as before, or whether he became collector of customs for the Confederate States, it is not important to decide in this case, as in either event the payment of duties to him should protect from seizure the property on which the duties were paid.

If Hatch had ceased to represent the Government of the United States and represented the Confederate States, the payment should protect the property, as it was made to the representative of a power which had the ability to enforce its demands, and which the United States, for the time being, were unable to resist.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.* *George L. Bright* and *A. De B. Hughes,* for plaintiff and appellee. *M. M. Cohen,* for defendant and appellant.

LUDELING, C. J. This suit is for a partial rescission of a sale and to recover the sum paid for the property, of which the plaintiff says he was evicted.

It appears that on the seventh of February, 1862, the plaintiff bought from the defendant 375 rolls or 45,000 yards of India bagging.

This bagging was shipped from Calcutta to New Orleans on the ship Judith; the ship stranded on the coast of Cuba, in February 1861, and the cargo was abandoned to the insurance companies that had insured the property. The defendant, as the agent of said companies, paid the duties on the bagging when it was brought to New Orleans in May 1861, and in February 1862 he sold the bagging to the defendant.

The duties were paid to Mr. F. Hatch, who was the United States collector of customs at New Orleans when the ordinance of secession was adopted in Louisiana, and who continued to act under the authority of the State of Louisiana, and afterwards under that of the Confederate States.

The plaintiff withdrew from the bonded warehouse 30,600 yards of

the bagging and sold it, and permitted 14,400 yards to remain in the warehouse until the Federal forces took possession of New Orleans, and the bagging of the plaintiff, undisposed of by him, was seized, as he alleges.

Whether Mr. Hatch continued to be the United States collector of customs after secession, or whether he was the collector of customs for the Confederate States, it is not important to decide, as in either event, we think, the payment of the duties should protect the property from seizure. If he had ceased to represent the Government of the United States and represented the Confederate States, the payment should protect the property, as it was made to the representative of a power, which had the ability to enforce its demands, and which the United States, for the time being, was unable to resist. Thorington v. Smith, 8 Wallace 10; United States v. Thomas, 16 Wallace —, and United States v. Rice, 4 Wheat. 250.

This view of the case renders it unnecessary to decide, whether or not there was warranty against eviction on account of nonpayment of duties, and whether or not the consideration of the contract was confederate money. The plea in reconvention is not well founded. It is therefore ordered and adjudged, that the judgment of the lower court be avoided, and that there be judgment in favor of the defendant and against the plaintiff, rejecting his demand with costs in both courts.

Rehearing refused.